IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD EARL RUBERG, | : | No. 4:CV 05-01520 |
| | : | |
| Plaintiff, | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| OUTDOOR WORLD CORPORATION, | : | |
| RESORTS USA, INC., RANK AMERICA, | : | |
| INC., RANK HOLDINGS (Netherlands) | : | |
| B.V., MARY GOTCHELL, DONALD | : | |
| DELAPLAIN, MARK TURNER, AND | : | |
| JOHN DOE (a fictitious name), | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**November 28, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendants', Outdoor World Corporation, Resorts USA, Inc., Rank America, Inc., and Rank Holdings B.V. (collectively "Corporate Defendants"), Motion to Dismiss Pursuant to Rule 12(b)(6) ("Corporate Defendants' Motion"). (Rec. Doc. 5). Also pending before the Court is Defendants', Mary Gotchell, Donald Delaplain and Mark Turner (collectively "Individual Defendants"), Motion to Dismiss Pursuant to Rule 12(b)(6) ("Individual Defendants Motion"). (Rec. Doc. 6). We shall dispose of both

Motions in this Order.

Federal question jurisdiction is proper pursuant to 28 U.S.C. § 1331. Pendent jurisdiction is proper over the state law claims pursuant to 28 U.S.C. § 1367.

For the following reasons, the Corporate Defendants' Motion and the Individual Defendants' Motion shall be granted in part and denied in part.

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, Richard Earl Ruberg ("Plaintiff" or "Ruberg"), became employed by the Corporate Defendants on February 28, 2001. His position was general manager of Outdoor World at Timothy Lake in East Stroudsburg, Monroe County, Pennsylvania. Plaintiff's direct supervisor was Defendant Donald Delaplain, who was the Regional Manager of Outdoor World Corporation. Defendant Mary Gotchell was the Human Resources Manager and Defendant Mark Turner was the Vice-President of Outdoor World Corporation.

Plaintiff is a homosexual male. Plaintiff alleges that beginning in October 2003 and over the next few months, he and Defendant Delaplain had a number of business dinner meetings. Plaintiff further alleges that during these meetings Defendant Delaplain criticized Plaintiff for being a homosexual and implored him "to be normal." Plaintiff alleges that Defendant Delaplain's comments caused him

to feel scared, humiliated, embarrassed, denigrated, insulted and otherwise uncomfortable and prevented him from performing his employment duties without feeling discriminated against.

In December of 2003 Plaintiff was diagnosed with the Human Immunodeficiency Virus ("HIV"). Plaintiff did not immediately disclose his condition to the Defendants. Plaintiff alleges that he received a satisfactory evaluation in his annual review in February of 2004.

In July of 2004, Plaintiff required medical treatment that necessitated a reduction from a 40-hour work week to a 32-hour work week. Plaintiff's doctor issued a note to this effect for Plaintiff to give to his employer. On August 3, 2004, Plaintiff informed Defendant Gotchell of his HIV-positive condition and requested the reduction in weekly work hours, which was promptly honored.

The following day, Plaintiff alleges that Defendant Gotchell requested Plaintiff's physician complete a certification regarding Plaintiff's HIV-positive medical condition on a pre-printed form. Plaintiff alleges that although Defendant Gotchell promised Plaintiff she would maintain his strict confidence regarding Plaintiff's condition, Defendant Gotchell informed Defendants Delaplain and Turner of Plaintiff's HIV-positive condition.

On September 14, 2004, Plaintiff alleges that Defendant Delaplain informed

Plaintiff that a co-worker had accused Plaintiff of falsifying work records and/or directing subordinates to falsify work records in August of 2004.  The accusation was made in the presence of Defendant Gotchell. Plaintiff categorically denied Defendant Delaplain's accusations of misconduct.  On September 17, 2004, Defendant Turner terminated the Plaintiff's employment.  Plaintiff alleges that the reason for the termination was pretext for discrimination and that he was never given an opportunity to challenge the accusations of misconduct.

On or about October 12, 2004, Plaintiff filed a *pro se* administrative complaint with the Pennsylvania Human Relations Commission ("PHRC") against Defendant Outdoor World Corporation, in which he alleged that his employer discriminated against him based on his disability, namely his HIV-positive condition.  On September 9, 2005, Plaintiff received a notice from PHRC that his *pro se* administrative complaint was being dismissed.  (Rec. Doc. 18, Ex. A).

Plaintiff commenced this action by filing a complaint (doc. 1) with this Court on August 1, 2005.  In the complaint (doc. 1), Plaintiff alleges that the Corporate Defendants and the Individual Defendants discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the First, Fourth, Fifth, and Fourteenth Amendments by way of 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990 ("ADA"), and the Pennsylvania

Human Relations Act ("PHRA").  On September 30, 2005, Plaintiff received a Dismissal and Notice of Rights Letter from the Equal Employment Opportunity Commission ("EEOC").  (Rec. Doc. 18, Ex. B).

The Corporate Defendants' Motion (doc. 5) was filed on September 12, 2005.  The Individual Defendants' Motion (doc. 6) was filed on September 19, 2005.  Both Motions have been fully briefed and are therefore ripe for review.

**STANDARD OF REVIEW:**

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d5 310 (3d Cir. 1986).

**DISCUSSION:**

    **A.**    **Individual Defendants' Motion**

The Individual Defendants move this Court to dismiss Counts 1, 3, 4, 12, 14, 15, 23, 25 and 26 of the complaint. (Rec. Doc. 1). These Counts allege that the Individual Defendants violated Title VII, the ADA, and the PHRA .

    **1.**    **Title VII Claims - Counts 1, 12 and 23**

In Counts 1, 12 and 23 Plaintiff alleges that the Individual Defendants violated Title VII by subjecting him to harassment, retaliation, abuse and a hostile work environment, including the unauthorized disclosure of confidential medical information and termination of his employment without cause. Plaintiff alleges that the Individual Defendants' discriminatory actions were motivated by his HIV-positive condition, and therefore in violation of Title VII.

The Individual Defendants allege that Plaintiff has failed to state a claim against them under Title VII for two reasons; first, because Plaintiff failed to exhaust his administrative remedies and second, because individual employees may not be held personally liable for violations of Title VII.[1]

---

[1] We need not address the Individual Defendants' argument concerning individual liability of employees under Title VII because we find that Plaintiff failed to exhaust his administrative remedies under Title VII.

### a.     **Failure to Exhaust Argument**

The Court of Appeals for the Third Circuit has developed a test to determine whether a plaintiff's employment discrimination claims have been properly exhausted at the administrative level.  The court must determine whether "the claims at issue fall fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."  Antol v. Perry, 82 F. 3d 1291, 1295 (1996).  This test is applied to PHRA claims.  See Ackah v. Hershey Foods Corp., 236 F. Supp. 440, 444 (M.D. Pa. 2002).

Title VII protects individuals from discrimination based on race, color, religion, sex or national origin.  The Plaintiff's complaint before the PHRC contained two counts, both relating to discrimination based on his disability, namely his HIV-positive status.  Nothing in the Plaintiff's PHRC complaint alleges discrimination based on race, color, sex or national origin, and therefore any Title VII claims presently before this court do not fall "fairly within the scope" of the prior complaint. (Rec. Doc. 8 at 3-4).   Moreover, Title VII does not protect individuals from discrimination based on their HIV-positive status.

Therefore, for the foregoing reasons, Counts 1, 12 and 23 are dismissed against the Individual Defendants.

**2.    ADA Claims - Counts 3, 14 and 25**

In Counts 3, 14 and 25 Plaintiff claims that the Individual Defendants violated the ADA by subjecting him to harassment, retaliation, abuse and a hostile work environment based on his disability, namely his HIV-positive status. The Individual Defendants argue that Counts 3, 14 and 25 should be dismissed for two reasons: first, because Plaintiff has failed to exhaust his administrative remedies and second, because employees are not subject to individual liability under the ADA.

**a.    Failure to Exhaust Argument**

Defendant argues that Plaintiff's ADA claims must be dismissed because Plaintiff did not exhaust his administrative remedies. Prior to filing a suit in federal court under the ADA, a plaintiff must exhaust his administrative remedies by filing a complaint with the EEOC. See 42 U.S.C. § 2000e; see also Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999). The plaintiff must then wait 180 days, giving the EEOC appropriate time to take action on the complaint. At the end of the 180 day period, the plaintiff may bring his suit in federal court, regardless of whether the EEOC proceedings have terminated. See Churchill, 183 F.3d at 191; see also Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984). To bring a suit, the plaintiff must request a right-to-sue letter from the EEOC at the

end of the 180 day period. See McNasby v. Crown Cork and Seal Co., 888 F.2d 270, 274 n.3 (3d Cir. 1989). The plaintiff has ninety days from the receipt of the right-to-sue letter to file suit in federal court. See 42 U.S.C. § 2000e-5(f)(1); § 2000e-5(f)(3).

The Court of Appeals for the Third Circuit has held that the failure to plead the issuance of a right-to-sue letter is not grounds to dismiss a plaintiff's complaint alleging employment discrimination. See Gooding v. Warrner-Lambert Co., 744 F.2d 354, 355 (3d Cir. 1984). In this case, Plaintiff did not plead the issuance of a right-to-sue letter in his complaint (doc. 1) because one had not yet been issued to him by the EEOC. The Plaintiff received the right-to-sue letter on September 30, 2005, nearly two months after he filed the instant action with this Court. Plaintiff does not allege that he received a right-to-sue letter from the EEOC until he filed his Brief in Opposition to the Individual Defendants' Motion. (Rec. Docs. 18 and 19). However, the pleading of a right-to-sue letter after the complaint is filed and prior to trial cures any defect regarding exhaustion. See Gooding, 744 F. 2d at 358; see also Tlush v. Manufacturer's Resource Center, 315 F. Supp. 2d 650, 655 (E.D. Pa. 2002).

Therefore, since Plaintiff received a right-to-sue letter from the EEOC at an early stage of litigation, his failure to plead exhaustion in his complaint (doc. 1) is

cured.

### b. No Individual Liability Under the ADA Argument

The Individual Defendants argue that the Plaintiff's ADA claims against the them should be dismissed because individual may not be held liable for violations of the ADA.

The Court of Appeals for the Third Circuit has held that individuals are not liable for violations of Titles I and II of the ADA. See Emerson v. Thiel College, 296 F.3d 184 (3d Cir. 2002). However, employers are liable for ADA violations. The ADA defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. § 12111(5)(A).

In his complaint (doc. 1), Plaintiff alleges that Defendant Delaplain was his "direct supervisor." (Rec. Doc. 1 at 5). Plaintiff further alleges that Defendant Turner terminated his employment (doc. 1 at 8) and that Defendant Gotchell honored his request for reduction in work hours. (Rec. Doc. 1 at 7). Although not phrased in accordance with the statutory language of the ADA, we take Plaintiff's description of the Individual Defendants to be allegations that the Individual Defendants were not mere employees of the Corporate Defendants, but an allegation that the Individual Defendants were agents of Plaintiff's employer. We

feel that it would be premature to dismiss Counts 3, 14 and 25 without further discovery on the issue of whether the Individual Defendants were employees or agents of Plaintiff's employer.

Therefore, for the foregoing reasons, the Individual Defendants' Motion with respect to Counts 3, 14 and 25 is denied.

### 3.     PHRA Claims  - Counts 4, 15 and 26

The Individual Defendants argue that the Plaintiff's PHRA claims against them should be dismissed because the Plaintiff failed to exhaust his administrative remedies under the PHRA. Plaintiff argues that he did exhaust the administrative remedies of the PHRC before filing the complaint.

The PHRA does not require the issuance of a right-to-sue letter before a complainant may bring an action in court. Under the PHRA, "if within one year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered in a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice, the complainant shall be able to bring an action in the courts . . ." 43 Pa. Const. Stat. § 962(c)(1).

The Plaintiff argues that he exhausted his remedies under the PHRA, as evidenced by the letter dated September 7, 2005 that he received from the PHRC.

(Rec. Doc. 18, Ex. A). This letter is entitled "Notice of Rights of Complainants After Dismissal of Complaint." The existence of this letter indicates to us that the PHRC relinquished exclusive jurisdiction over the Plaintiff's PHRA claims. We cannot envision what more Plaintiff would need to do to exhaust his remedies under the PHRA, and thus disagree with the Individual Defendants' failure to exhaust argument.

Therefore, the Individual Defendants' Motion with respect to Counts 4, 15 and 26 is denied.

### 4.     42 U.S.C. §1983 Claims - Counts 2, 13, and 24

The Plaintiff and Individual Defendants concur that Plaintiff's claims under 42 U.S.C. §1983 should be dismissed. Therefore, Counts 2, 13 and 24 of the complaint (doc. 1) are dismissed.

### B.     Corporate Defendants' Motion

The Corporate Defendants move this Court to dismiss Counts 34, 35, 36 and 37 of the complaint (doc. 1) on the grounds that Plaintiff failed to exhaust his administrative remedies with respect to these claims and therefore is precluded from asserting these claims in federal court. These Counts allege that the Corporate Defendants violated Title VII, the ADA, and the PHRA .

**1.    Title VII Claim - Count 34**

The Corporate Defendants argue that Plaintiff failed to exhaust his administrative remedies with respect to his Title VII claim because he failed to bring claims of discrimination based on race, color, religion, sex or national origin in his PHRC complaint.

As discussed previously in this Order, because the Plaintiff failed to allege discrimination on the basis of race, color, religion, sex or national origin in his PHRC complaint and because persons with HIV are not a protected class under Title VII, Count 34 is dismissed against the Corporate Defendants.

**2.    42 U.S.C §1983 Claim - Count 35**

The Plaintiff and Corporate Defendants concur that Plaintiff's claims under 42 U.S.C. §1983 should be dismissed.  Therefore, Count 35 of the complaint (doc. 1) is dismissed.

**3.    ADA Claim - Count 36**

The Corporate Defendants argue that Plaintiff failed to exhaust his administrative remedies for violations of the ADA and therefore Count 36 should be dismissed.

As discussed previously in this Order, the late pleading of the issuance of the EEOC's right-to-sue letter cured any exhaustion defect and therefore, the

Corporate Defendants' Motion to Dismiss Count 36 is denied.

### 4.     PHRA Claims - Count 37

The Corporate Defendants argue that Plaintiff's PHRA claims against them should be dismissed because the Plaintiff failed to exhaust his administrative remedies under the PHRA. Plaintiff argues that he did exhaust the administrative remedies of the PHRC before filing the complaint.

As previously discussed in this Order, the issuance by the PHRC of the "notice of Rights of Complainants After Dismissal of Complaint" letter (Rec. Doc. 18, Ex. A) indicates to us that the PHRC relinquished exclusive jurisdiction over the Plaintiff's PHRA claims.

Therefore, the Corporate Defendants' Motion with respect to Count 37 is denied.

**NOW, THEREFORE, FOR THE FOREGOING REASONS:**

1. The Individual Defendants' Motion (doc. 6) is GRANTED in part and DENIED in part.

    a. Counts 1, 2, 12, 13, 23, and 24 are DISMISSED.

    b. The Individual Defendants' Motion is DENIED with respect to Counts 3, 4, 14, 15, 25 and 26.

2. The Corporate Defendants' Motion (doc. 5) is GRANTED in part and

DENIED in part.

a. Counts 34 and 35 are DISMISSED.

b. The Corporate Defendants' Motion is DENIED with respect to Counts 36 and 37.

s/ John E. Jones III
John E. Jones III
United States District Judge
