IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD EARL RUBERG, | : | No.  4:CV 05-01520 |
| | : | |
| Plaintiff, | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| OUTDOOR WORLD CORPORATION, | : | |
| RESORTS USA, INC., RANK AMERICA, | : | |
| INC., RANK HOLDINGS (Netherlands) | : | |
| B.V., MARY GOTTSCHALL, DONALD | : | |
| DELAPLAIN, MARK TURNER, AND | : | |
| JOHN DOE (a fictitious name), | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### February 8, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendants', Outdoor World Corporation,

Resorts USA, Inc., Rank America, Inc., Mary Gottschall, Donald Delaplain, Mark

Turner and John Doe (collectively "the Defendants"), Motion for Reconsideration

("the Motion").  (Rec. Doc. 29).  The Defendants move this Court to reconsider our

Order dated November 28, 2005 (doc. 28) and dismiss Plaintiff Richard Earl

Ruberg's claims of harassment, abuse, hostile work environment and retaliation.

Federal question jurisdiction is proper pursuant to 28 U.S.C. § 1331.

Pendent jurisdiction is proper over the state law claims pursuant to 28 U.S.C. §

1367.

For the following reasons, the Motion shall be denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Richard Earl Ruberg ("Plaintiff" or "Ruberg"), became employed by the Corporate Defendants on February 28, 2001.  His position was general manager of Outdoor World at Timothy Lake in East Stroudsburg, Monroe County, Pennsylvania.  Plaintiff's direct supervisor was Defendant Donald Delaplain, who was the Regional Manager of Outdoor World Corporation.  Defendant Mary Gotchell was the Human Resources Manager and Defendant Mark Turner was the Vice-President of Outdoor World Corporation.

Plaintiff is a homosexual male.  Plaintiff alleges that beginning in October 2003 and over the next few months, he and Defendant Delaplain had a number of business dinner meetings.  Plaintiff further alleges that during these meetings Defendant Delaplain criticized Plaintiff for being a homosexual and implored him "to be normal."  Plaintiff alleges that Defendant Delaplain's comments caused him to feel scared, humiliated, embarrassed, denigrated, insulted and otherwise uncomfortable, and prevented him from performing his employment duties without feeling discriminated against.

In December of 2003 Plaintiff was diagnosed with the Human

Immunodeficiency Virus ("HIV").  Plaintiff did not immediately disclose his condition to the Defendants.  Plaintiff alleges that he received a satisfactory evaluation in his annual review in February of 2004.

In July of 2004, Plaintiff required medical treatment that necessitated a reduction from a 40-hour work week to a 32-hour work week.  Plaintiff's doctor issued a note to this effect for Plaintiff to give to his employer.  On August 3, 2004, Plaintiff informed Defendant Gotchell of his HIV-positive condition and requested the reduction in weekly work hours, which was promptly honored.

The following day, Plaintiff alleges that Defendant Gotchell requested Plaintiff's physician complete a certification regarding Plaintiff's HIV-positive medical condition on a pre-printed form.  Plaintiff alleges that although Defendant Gotchell promised Plaintiff she would maintain his strict confidence regarding Plaintiff's condition, Defendant Gotchell informed Defendants Delaplain and Turner of Plaintiff's HIV-positive condition.

On September 14, 2004, Plaintiff alleges that Defendant Delaplain informed Plaintiff that a co-worker had accused Plaintiff of falsifying work records and/or directing subordinates to falsify work records in August of 2004.  The accusation was made in the presence of Defendant Gotchell. Plaintiff categorically denied Defendant Delaplain's accusations of misconduct.  On September 17, 2004,

Defendant Turner terminated the Plaintiff's employment.  Plaintiff alleges that the reason for the termination was pretext for discrimination and that he was never given an opportunity to challenge the accusations of misconduct.

On or about October 12, 2004, Plaintiff filed a *pro se* administrative complaint with the Pennsylvania Human Relations Commission ("PHRC") against Defendant Outdoor World Corporation, in which he alleged that his employer discriminated against him based on his disability, namely his HIV-positive condition.  On September 9, 2005, Plaintiff received a notice from PHRC that his *pro se* administrative complaint was being dismissed.  (Rec. Doc. 18, Ex. A).

Plaintiff commenced this action by filing a complaint (doc. 1) with this Court on August 1, 2005.  In the complaint (doc. 1), Plaintiff alleges that the Corporate Defendants and the Individual Defendants discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the First, Fourth, Fifth, and Fourteenth Amendments by way of 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990 ("ADA"), and the Pennsylvania Human Relations Act ("PHRA").  On September 30, 2005, Plaintiff received a Dismissal and Notice of Rights Letter from the Equal Employment Opportunity Commission ("EEOC").  (Rec. Doc. 18, Ex. B).

On November 28, 2005, we entered an Order (doc. 28) dismissing the

4

Plaintiff's Title VII  and §1983 claims against all Defendants.  We declined to dismiss Plaintiff's ADA claims and the pendent PHRA claims because we found that the Plaintiff had exhausted his administrative remedies with respect to both.

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d5 310 (3d Cir. 1986).

## DISCUSSION:

Defendants state that this Motion seeks reconsideration of only one issue: whether Plaintiff may proceed in this court on his claims of harassment, abuse,

hostile work environment and retaliation.  The Defendants argue that only two

counts of discrimination were raised before the administrative agency and therefore

Plaintiff has failed to exhaust his claims of harassment, abuse, hostile work

environment and retaliation.  The Defendants further argue that the allegations set

forth in Plaintiff's PHRC complaint do not support a claim for harassment, abuse,

hostile work environment or retaliation and therefore this Court should dismiss

those claims because Plaintiff has not exhausted his administrative remedies with

respect to them.

  The Court of Appeals for the Third Circuit has developed a test to determine

whether a plaintiff's employment discrimination claims have been properly

exhausted at the administrative level.  The court must determine whether "the

claims at issue fall fairly within the scope of the prior EEOC complaint, or the

investigation arising therefrom."  Antol v. Perry, 82 F. 3d 1291, 1295 (1996).  This

test is applied to PHRA claims.  See Ackah v. Hershey Foods Corp., 236 F. Supp.

440, 444 (M.D. Pa. 2002).  Courts must "keep in mind that charges are drafted by

one who is not well versed in the art of legal description." Hicks v. ABT Assoc.,

Inc., 572 F. 2d 960, 965 (3d Cir. 1978).

  Our reading of Count 1 of Plaintiff's PHRC complaint reveals that Plaintiff

was alleging discrimination based on his disability by virtue of Defendants' failure

6

to offer him a reasonable accommodation.  Count 2 of the Plaintiff's PHRC

complaint does not set forth such a clear cause of action.  In Count 2,  Plaintiff

alleged that he was treated differently after he advised Defendants of his HIV-

positive status.  He also stated that the alleged reason for his termination was

pretextual, and that he was in reality terminated from his position due to his HIV-

positive status.

　　　To prevail on a hostile work environment/harassment claim, a Plaintiff must

prove that (1) he is a qualified individual with a disability; (2) he was subject to

unwelcome harassment which was severe and pervasive; (3) the harassment was

because of his disability; and (4) respondeat superior liability.  See Walton v.

Mental Health Ass'n, 168 F.3d 661 (3d cir. 1999).  Defendants argue that the

PHRC complaint is void of any allegation of severe and pervasive conduct by the

Defendants, and therefore Plaintiff did not exhaust his hostile work

enviornment/harassment claim at the administrative level.  We disagree with

Defendants' construal of Plaintiff's PHRC complaint.  Plaintiff proceeded at the

administrative level *pro se* and therefore, we are to liberally construe his

complaint.  We find that Plaintiff's allegation that he was treated differently after

his HIV-positive status was revealed to the Defendants is sufficient to exhaust his

hostile environment/harassment claim at the administrative level and we shall

7

allow it to proceed before this Court.

Defendants further argue that Plaintiff's retaliation claim was not exhausted at the administrative level and cannot proceed before this Court.  To state a claim of retaliation, a plaintiff must show that he (1) engaged in protected activity; (2) the employer took an adverse employment action after or contemporaneous with his protected activity; and (3) a causal link exists between his protected activity and the employer's adverse action.  It is apparent to this Court, that although perhaps somewhat inartfully drafted, the Plaintiff alleged in his PHRC complaint that he requested a reasonable accommodation due to his HIV-positive status and was thereafter terminated from his job because of his disability.  Although not presented in the precise legal framework, we find that Plaintiff has sufficiently stated a claim for retaliation and we shall not dismiss the claim.

Our reading of Plaintiff's PHRC complaint reveals that the claims at issue fall fairly within the scope of the PHRC complaint and shall be allowed to proceed before this Court.   Therefore, for the foregoing reasons, we will deny the Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion (doc. 29) is DENIED.


                              s/ John E. Jones III
                              John E. Jones III
                              United States District Judge